

Dominik Rostocki, Esquire            Attorney for Plaintiffs
1818 Market Street, 30th Floor
Philadelphia, PA 19103
Phone: 215-575-7624
Fax:    215-575-7640
www.Rostocki.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Kazimierz Radlo and Lucyna Radlo | : | |
| 84-35 Lander Street | : | |
| Apt. 3H | : | |
| Briarwood, NY 11435 | : | CIVIL ACTION NO. |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| Leslie and Debra Edelman | : | |
| 40 Beech Road | : | |
| Englewood, NJ 07631 | : | |
|     and | : | |
| John Does 1-5 | : | JURY TRIAL DEMANDED |
|     and | : | |
| ABC Corps. 1-5 | : | |
|     Defendants | : | |

### CIVIL ACTION COMPLAINT

Kazimierz Radlo and Lucyna Radlo, husband and wife, by and through their attorneys,

THE ROSTOCKI LAW FIRM, L.L.C., hereby file suit in the United States District Court,

District of New Jersey, against the above-named Defendants, and allege the following in support:

**I. JURISDICTION AND VENUE**

1. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C.

    §1332(a)(1) in that the amount in controversy exceeds $75,000 and the parties are

    citizens of diverse states.

1

2. This Court has personal jurisdiction over the Defendants because all Defendants reside within the District of New Jersey, do business within the District of New Jersey, and maintain the requisite minimum contacts with the District of New Jersey.

3. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b)(1) and (2) because: all Defendants reside within the District of New Jersey and a substantial part of the events or omissions giving rise to this claim occurred in the District of New Jersey.

## II. THE PARTIES

4. Plaintiff Kazimierz Radlo (hereinafter, "Mr. Radlo") is a citizen of the State of New York and maintains his residence at 84-35 Lander Street, Apt. 3H, Briarwood, NY 11435. At all relevant times, Mr. Radlo was married to Lucyna Radlo.

5. Plaintiff Lucyna Radlo (hereinafter, "Mrs. Radlo") is a citizen of the State of New York and maintains her residence at 84-35 Lander Street, Apt. 3H, Briarwood, NY 11435. At all relevant times, Mrs. Radlo was married to Kazimierz Radlo.

6. Defendant Leslie Edelman (hereinafter, "Mr. Edelman") is a citizen of the State of New Jersey and maintains his residence at 40 Beech Road, Englewood, NJ 07631.

7. Defendant Debra Edelman (hereinafter, "Mrs. Edelman") is a citizen of the State of New Jersey and maintains her residence at 40 Beech Road, Englewood, NJ 07631.

8. Defendants John Does 1-5 are citizens of states other than New York. John Does 1-5 are fictitious entities which owned, operated, maintained, controlled and/or leased the property located at 40 Beech Road, Englewood, NJ 07631 at all relevant times.

9. ABC Corps. 1-5 are citizens of states other than New York. ABC Corps. 1-5 are fictitious entities which owned, operated, maintained, controlled and/or leased the property located at 40 Beech Road, Englewood, NJ 07631 at all relevant times.

10. Mr. Edelman, Mrs. Edelman, John Does 1-5 and ABC Corps. 1-5 are collectively referred to herein as "Defendants."

11. Mr. and Mrs. Radlo are collectively referred to herein as "Plaintiffs."

### III. FACTUAL BACKGROUND

12. Plaintiffs incorporate all above Paragraphs.

13. This is a personal injury matter wherein Defendants created a dangerous situation which caused Mr. Radlo to suffer severe injuries from which he will suffer for the rest of his life.

14. At all relevant times, Defendants owned, operated, maintained, controlled and/or leased and had the duty to maintain the premises involved herein.

15. At all relevant times Defendants had under their care and direction the supervision, control and maintenance of the premises located at 40 Beech Road, Englewood, NJ 07631 (the "relevant property").

16. On April 18, 2011 (the "relevant date"), Mr. Radlo was employed as a marble and granite installer for All Granite & Marble.

17. On that date, at approximately 10:30 in the morning, Mr. Radlo was participating in the installation of a very heavy slab of granite onto the barbeque area of the relevant property.

18. On April 18, 2011, the relevant property was, and still is, owned, operated, maintained, and controlled by Defendants.

19. At all relevant times, Mr. Radlo was an "invitee" on the property.

20. The granite slab which was being installed was approximately 120 inches by 55 inches and weighed approximately 1,102 pounds.

21. Defendants had purchased the granite slab for their barbeque area.

22. The installation was, at all times, being supervised, directed and controlled by Defendant Mr. Edelstein, who was present at the house and actively observing the installation.

23. At all relevant times, Mr. Edelstein was giving detailed and specific instructions to the installation crew regarding the installation of the granite slab.

24. Upon arrival at the property, Mr. Radlo and the rest of the installation crew attempted to drive their truck, which was transporting the granite slab, up the driveway in order to get close to the barbeque area.

25. Parking the truck at the top of the driveway, at the closest paved point near the barbeque area, would have allowed Mr. Radlo and the crew to carry the granite slab over a much shorter distance (approximately 10-15 yards) than if the truck was parked on the road.

26. Additionally, parking the truck at the top of the driveway, at the closest paved point near the barbeque area, would have allowed Mr. Radlo and the crew to carry the heavy slab over only paved, smooth and dry ground.

27. When Mr. Radlo and the crew attempted to drive the truck up the driveway, however, Defendant Mr. Edelstein stopped them and, after an argument, refused to allow them to park the truck at the top so that they could carry the slab the short distance over the paved areas to the barbeque area.

28. Instead, Mr. Edelstein insisted that Mr. Radlo and the crew to drive the truck back down to the road and instructed that they carry the slab over the lawn, a distance of approximately 75 yards.

29. The route across the lawn was significantly longer than the route across the paved area at the top of the driveway.

30. The route across the lawn was uneven.

31. The route across the lawn was unpaved.

32. Pursuant to Mr. Edelstein's specific instructions and adamant refusal to allow Mr. Radlo and the crew to park the truck at the top of the driveway, the truck was parked on the street where Mr. Edelstein instructed.

33. As Mr. Radlo and the crew began carrying the heavy slab of granite across the grass lawn towards the barbeque area, they unknowingly encountered several muddy and slippery patches on the lawn.

34. At all relevant times, Mr. Radlo and the installation crew had their attention fully on the 1,102 pound slab of granite which they were carrying.

35. Despite his insistence that they carry the heavy slab over the lawn, Mr. Edelstein had never warned Mr. Radlo or anyone else from All Granite & Marble that the lawn has several hidden muddy and slippery patches.

36. As Mr. Radlo and the crew encountered one of these patches, Mr. Radlo was caused to slip, and the 1,102 pound slab of granite came crashing down on him, causing severe injuries and knocking him unconscious.

## IV. COUNT I – NEGLIGENCE

37. Plaintiffs incorporate all above Paragraphs.

38. On April 18, 2011, Defendants had a duty to not create dangerous situations which could cause harm to persons like Mr. Radlo.

39. On April 18, 2011, Defendants had a duty to exercise ordinary care to ensure that the relevant property was reasonably safe for the Mr. Radlo and the installation crew to manually carry a dangerously heavy slab of granite to Defendants' barbecue area and to install it.

40. On April 18, 2011, Defendants had a duty to make reasonable inspection of the relevant property to discover hazardous conditions.

41. Defendants failed in these duties.

42. Defendants actively created the danger on the relevant date by forcing Mr. Radlo and the installation crew to take the longer route across the lawn while their attention was fully focused on carrying a dangerously heavy slab of granite, instead of allowing use of the driveway and paved areas.

43. Additionally, on April 18, 2011, dangerous and/or defective conditions existed on the relevant property as described above and Defendants knew or should have known of the existence of same.

44. The dangerous and defective conditions which existed on the relevant property on April 18, 2011 included, but were not limited to: hidden muddy and slippery patches; changes in elevation; and other dangers in the condition of the lawn.

45. Said incident was caused solely by the negligence of the Defendants, including but not limited to the following:

a. Actively creating a dangerous situation by forcing Mr. Radlo and the installation crew to take a longer, less safe and unpaved path to the barbeque area while their attention was fully focused on carrying a dangerously heavy slab of granite;

b. Forcing Mr. Radlo and the installation crew to take a route to the barbeque area which contained dangerous conditions;

c. Forcing Mr. Radlo and the installation crew to take a route which was longer and less safe than the one which Mr. Radlo and the installation crew had originally planned to take;

d. Failing to allow Mr. Radlo and the installation crew to take the shortest and safest route to the barbeque area;

e. Failing to ensure that the route which he directed Mr. Radlo and the installation crew to take was safe for manual transportation of a heavy slab of granite;

f. Allowing dangerous and hazardous conditions to exist on the relevant property;

g. Failing to warn Mr. Radlo and the installation crew of the dangerous and hazardous conditions which existed on the route which Defendants forced Mr. Radlo and the installation crew to take to the barbeque area;

h. Failure to reasonably inspect the relevant property, including the lawn, prior to directing Mr. Radlo and the installation crew to carry the heavy slab through areas which contained dangerous and hazardous conditions;

i. Failing to maintain the property in a safe and reasonable condition for persons such as the Mr. Radlo using said premises;

j. Failing to warn persons on the premises of the negligent and/or defective conditions;

k. Negligently allowing said defects to remain on the premises;

l. Failing to mark the dangerous conditions to alert Mr. Radlo and other invitees of the dangerous conditions;

m. Failing to realize that Mr. Radlo's attention would be distracted so that he would not realize the location, existence, or extent of the dangerous conditions, or would fail to protect himself against them.

46. As a factual and proximate result of Defendants' negligence and failures, Mr. Radlo sustained severe and permanent injuries from which he will suffer from the rest of his life.

47. As a factual and proximate result of Defendants' negligence and failures, Mr. Radlo has sustained extensive economic losses.

48. But for Defendants' negligence and failures, Mr. Radlo would not have sustained injury or suffered economic loss.

WHEREFORE, Plaintiffs Kazimierz Radlo and Lucyna Radlo demand judgment against Defendants in a sum exceeding $75,000, along with interest, costs, and any other relief this Court deems appropriate.

## V. COUNT II – LOSS OF CONSORTIUM

49. Plaintiffs incorporate all above Paragraphs.

50. Plaintiff Lucyna Radlo was, at all relevant times, and continues to be, the wife of Plaintiff Kazimierz Radlo.

51. As a result of the aforementioned occurrence, Mrs. Radlo has been and may in the future be required to expend various sums of money for medical treatment to treat the injuries

8

sustained by Mr. Radlo in the occurrence, and has incurred or may incur other losses for which she is entitled to be compensated.

52. Further, by reason of the aforesaid, Mrs. Radlo has been deprived of the comfort, assistance, companionship and society of her spouse, and has suffered a loss of consortium.

WHEREFORE, Plaintiffs Kazimierz Radlo and Lucyna Radlo demand judgment against Defendants in a sum exceeding $75,000, along with interest, costs, and any other relief this Court deems appropriate.

Respectfully submitted,

BY: *(signature)*
Dominik Rostocki, Esquire
**THE ROSTOCKI LAW FIRM, LLC**
Attorney for Plaintiffs

DATE: March 21, 2013

9